## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re PATENT of:

| | |
|---|---|
| Joseph B. Thompson | Atty. Docket No.:  BEAR CREEK 3R |
| Reexamination Serial No.:  95/002,190 | Group Art Unit:  3992 |
| Patent No. 7,889,722 | Confirmation No:  4394 |
| Issued:  February 15, 2011 | Examiner:  TIBBITS, Pia Florence |

Title:  **SYSTEM FOR INTERCONNECTING STANDARD TELEPHONY COMMUNICATIONS EQUIPMENT TO INTERNET PROTOCOL NETWORKS**

February 26, 2016

## PATENT OWNER'S

## NOTICE OF APPEAL TO THE

## UNITED STATES COURT OF APPEALS

## FOR THE FEDERAL CIRCUIT

Mail Stop:  *Inter Partes* Reexam
Attn:  The Patent Trial and Appeal Board
Commissioner for Patents
United States Patent & Trademark Office
P. O. Box 1450
Alexandria, VA 22313-1450

---

**Customer No:**

# 31704

**Atty. Dkt. No.:  BEAR CREEK 3R**

---

Jeffrey D. Karceski
Registration No. 35,914
Tel. No.:  (202) 349-9868

**THOMAS, KARCESKI & KARMILOVICH, P.C.**
1717 K Street, N.W., Suite 900
Washington, D.C. 20006
Tel. No.:  (202) 349-9868
Fax No.:  (202) 318-8300

**PATENT OWNER'S**
**NOTICE OF APPEAL TO THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

Pursuant to 35 U.S.C. §§ 141 and 142, 37 C.F.R. § 1.983, and Federal Circuit Rule 15(a), the Patent Owner, Bear Creek Technologies, Inc. ("Bear Creek") hereby appeals to the United States Court of Appeals for the Federal Circuit from the Decision on Appeal by the Patent Trial and Appeal Board ("PTAB") in the above-captioned *Inter Partes* Reexamination of United States Patent No. 7,889,722, including without limitation the PTAB's Decision on Appeal (Appeal No. 2015-006387), dated December 29, 2015. The issues on appeal include, without limitation, the PTAB's decision to sustain the Examiner's rejection of claims 1-22 of United States Patent No. 7,889,722 under 35 U.S.C. § 103(a), the PTAB's claim construction, the PTAB's obviousness analysis, and any other finding and/or determination decided adversely to the Petitioner relevant to these issues.

This Notice of Appeal is being filed within two (2) months from the date of the PTAB's Decision and, therefore, is being timely filed pursuant to 35 U.S.C. § 142 and 37 C.F.R. § 1.304 (the due date being February 29, 2016).

Separately, in compliance with 37 C.F.R. § 1.983(b) and Federal Circuit Rule 15(a), one (1) copy of this Notice of Appeal and the Docketing Fee of $500.00, as prescribed by Federal Circuit Rule 52(a)(3)(A), are being transmitted to the Clerk for the United States Court of Appeals for the Federal Circuit. Pursuant to discussions with the Clerk's Office for the United States Court of Appeals for the Federal Circuit, the undersigned acknowledges that only one (1) copy of this Notice of Appeal (not three (3) copies, as identified in Federal Circuit Rule 15(a)(1)) is required to be submitted electronically together with the electronic payment of the Docketing Fee via the Case Management/Electronic Case Files system ("CM/ECF").

A courtesy copy of the PTAB's Decision on Appeal accompanies this Notice of Appeal.

In addition, a copy of suggested Form 5, identified in Federal Circuit Rule 15(a)(3), is provided herewith. As noted on Form 5, Bear Creek Technologies, Inc. is the Petitioner/Appellant for purposes of this appeal. Cisco Systems, Inc., who is the Third Party Requester in the *Inter Partes* Reexamination Proceeding, is listed as the Respondent/Appellee for purposes of this appeal.

While no other fee is believed to be due to the United States Patent and Trademark Office, if there are any fees required for this submission that are not otherwise accounted for, please charge Deposit Account No. 50-2127.  In addition, please credit any overpayments to the same Deposit Account.

Respectfully submitted,

THOMAS, KARCESKI & KARMILOVICH, P.C.

Date:  February 26, 2016

By: _____
Jeffrey D. Karceski
Registration No.: 35,914
Tel No. 202-349-9868
Fax No. 202-318-8300

THOMAS, KARCESKI & KARMILOVICH, P.C.
1717 K Street, N.W., Suite 900
Washington, D.C. 20006
Customer Number:  **31704**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the following documents:

(1) **PATENT OWNER'S NOTICE OF APPEAL TO THE UNITED STATED COURT OF APPEALS FOR THE FEDERAL CIRCUIT,**
(2) **DECISION ON APPEAL, dated December 29, 2015, by the Patent Trial and Appeal Board for Appeal No. 2015-006387 (as an attachment to this Notice of Appeal), and**
(3) **FORM 5, suggested for use by the United States Court of Appeals for the Federal Circuit to designate the parties to this Appeal (as an attachment to this Notice of Appeal)**

were filed with the United States Patent and Trademark Office, via the Electronic Filing System ("EFS"), and filed with the United States Court of Appeals for the Federal Circuit, via the Case Management/Electronic Case Files system ("CM/ECF") on February 26, 2016.

In addition, the undersigned hereby certifies that true and complete copies of the above-listed documents, together with true and complete copies of the following additional documents:

(4) **Electronic Filing Receipt from the United States Patent and Trademark Office, acknowledging receipt of this Notice of Appeal, and**
(5) **Electronic Receipt from the CM/ECF, acknowledging receipt of the Docketing Fee for the United States Court of Appeals for the Federal Circuit**

were sent by first class mail on February 26, 2016 (in accordance with M.P.E.P. §2666.06) to the address provided below:

David L. McCombs
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219

Respectfully submitted,

THOMAS, KARCESKI & KARMILOVICH, P.C.

Date: February 26, 2016        By: _____
                      Jeffrey D. Karceski
                      Registration No.: 35,914
                      Tel No. 202-349-9868
                      Fax No. 202-318-8300

THOMAS, KARCESKI & KARMILOVICH, P.C.
1717 K Street, N.W., Suite 900
Washington, D.C. 20006



UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/002,190 | 09/12/2012 | 7889722 | BCT-P001USC3-R3 | 4394 |

7590      12/29/2015

Joseph B. Thompson
25910 Canal Road
Box 0-136
Orange Beach, AL 36561

| EXAMINER |
|---|
| LEE, CHRISTOPHER E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/29/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE
_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD
_____

CISCO SYSTEMS, INC.
Requester and Respondent

v.

BEAR CREEK TECHNOLOGIES, INC.
Patent Owner and Appellant
_____

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2
Technology Center 3900
_____

Before MARC S. HOFF, DAVID M. KOHUT, and ERIC B. CHEN,
*Administrative Patent Judges*.

CHEN, *Administrative Patent Judge*.

DECISION ON APPEAL

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

Patent Owner Bear Creek Technologies, Inc. appeals under 35 U.S.C. § 134(b) and 35 U.S.C. § 315(a) (pre-AIA) the Examiner's final decision to reject claims 1–22.

An oral hearing was held on November 10, 2015, with both parties in attendance. The record includes a written transcript of the oral hearing.

Third-Party Requester Cisco Systems, Inc. urges that the Examiner's decision be affirmed.

We affirm.

STATEMENT OF THE CASE

U.S. Patent No. 7,889,722 B2 ("'722 patent"), entitled "System for Interconnecting Standard Telephony Communications Equipment to Internet Protocol Networks," issued February 15, 2011 to Joseph B. Thompson, based on Application No. 11/253,129, filed October 18, 2005, which is said to be a continuation of Application No. 10/770,808, filed February 3, 2004, now U.S. Patent No. 6,985,494 B2, issued January 10, 2006, which is said to be a continuation of Application No. 10/279,645, filed October 24, 2002, now abandoned, which is said to be a continuation of Application No. 08/812,745, filed March 6, 1997, now abandoned.

The '722 patent is also said to claim priority to provisional Application No. 60/012,896, filed on March 6, 1996 and provisional Application No. 60/013,240, filed on March 11, 1996.

The '722 patent is assigned to Bear Creek Technologies, Inc., the real party in interest.

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

*Related Litigation*

The '722 patent is or has been involved in numerous litigations, as summarized in Patent Owner's Appeal Brief. (PO App. Br. 1–2.)

*The Claims*

Independent claim 1 is exemplary, with disputed limitations in italics:

1.    Apparatus comprising:

an Internet phone server capable of being in communication with an originating phone device, the originating phone device being capable of both dialing a given destination number of a given destination device and thereby initiating a given call between the originating phone device and the given destination device, an auditory dial tone being caused at the originating phone device when the originating phone device is in an off-hook state and operatively connected to the Internet phone server, the given call including transmission of transmitted media between the originating phone device and the given destination device;

a first media converter configured to convert the transmitted media for the given call received from the originating phone device, to transmitted IP addressed media;

a destination number determination mechanism configured to determine a given destination number of the given call placed by the originating phone device;

*an IP versus another phone network discriminator* configured to determine, after the transmitted media is converted by the first media converter to the transmitted IP addressed media, whether a given destination phone device addressed by the given destination number resides on an IP addressed network, for which the transmitted IP addressed media is converted by the first media converter, or resides on another phone network;

a second media converter configured to convert the transmitted IP addressed media of the given call to another network signal suitable for another phone network when the discriminator determines

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

that the given destination number resides on the other phone network; and

a communication mechanism configured to connect the given call over an Internet connection without converting the transmitted IP addressed media of the given call to the other network signal, when the discriminator determines that the given destination device addressed by the given destination number resides on the IP addressed network.

*The Rejections*

Patent Owner appeals the Examiner's decision to reject all the pending claims, as follows:

1.    Claims 1–8 and 10–22 stand rejected under 35 U.S.C. § 103(a) as obvious over Baratz (US 5,742,596; Apr. 21, 1998) and Turock (US 6,243,373 B1; June 5, 2001).

2.    Claim 9 stands rejected under 35 U.S.C. § 103(a) as obvious over Baratz and Turock, as evidenced by White (US 6,711,241 B1; Mar. 23, 2004).

3.    Claims 1–12 and 14–22 stand rejected under 35 U.S.C. § 103(a) as obvious over Iwami (US 5,604,737; Feb. 18, 1997) and Baratz.

4.    Claim 13 stands rejected under 35 U.S.C. § 103(a) as obvious over Iwami and Baratz, as evidenced by Lindgren (B. LINDGREN & LEIF JONSSON, ILLUSTRATED ISDN 1-6 to -9 (1991)).

5.    Claims 1–3, 5, 6, 8–14, and 16–22 stand rejected under 35 U.S.C. § 103(a) as obvious over Jonas (US 2001/0040885 A1; Nov. 15, 2001) and Kubler (US 5,726,984; Mar. 10, 1998).

6.    Claims 4 and 15 stand rejected under 35 U.S.C. § 103(a) as obvious over Jonas, Kubler, and Pepe (US 5,742,905; Apr. 21, 1998).

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

7.    Claim 7 stands rejected under 35 U.S.C. § 103(a) as obvious over Jonas, Kubler, and Iwami.

8.    Claims 1–3, 5–14, and 16–22 stand rejected under 35 U.S.C. § 103(a) as obvious over Schindler (US 6,954,453 B1; Oct. 11, 2005), Merritt (Ian H. Merritt, *Providing Telephone Line Access to a Packet Voice Network*, Report No. ISI/RR-83-107, Information Sciences Institute, University of Southern California (1983)), and Kubler.

9.    Claims 4 and 15 stand rejected under 35 U.S.C. § 103(a) as obvious over Schindler, Merritt, Kubler, and Pepe.

*§ 103 Rejection—Iwami and Baratz*

Claims 1–3, 5–10, 12, 14–17, and 19–22

The Examiner found that the communication server of Iwami, which determines whether the address input by a user is directed towards a communication terminal address or a telephone number, corresponds to the limitation "an IP versus another phone network discriminator." (RAN 47–48, 102–103.)  Requester agrees and argues that "Iwami discloses generally that a communication server 20 acts as a discriminator" and "determines whether an address of a called party is a communication terminal 10 on a LAN 1 or a telephone 2 on a public network 3." (Requester Resp. Br. 11.)  We agree with the Examiner's determination.

Iwami relates to a voice communication system, in particular, "communication terminals connected through a communication network." (Col. 1, ll. 6–8.)  Figure 1 of Iwami illustrates a voice communication system, including communication terminals 10-1, 10-2 connected to Local

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

Area Network (LAN) 1 and telephone 2 connected to public network 3, such that LAN 1 and public network 3 are connected simultaneously to communication server 20. (Col. 7, ll. 1–8.) Iwami explains that "[t]he communication server [20] determines whether an address of the other party inputted by a user is a communication terminal address or a telephone number." (Abstract.) Figure 5 of Iwami illustrates voice communication control processing performed by voice communication program 31 (col. 9, ll. 12–14) including "Step 124" in which "program **31** determines . . . whether or not the address of the other party with whom the user desires to speak is a telephone number consisting only of a sequence of numeric characters" (col. 9, ll. 29–33) such that "the user has requested a voice communication with a telephone **2** connected to the external public network **3**" (col. 9, ll. 36–38). Otherwise, Iwami explains that "if the address of the other party inputted by the user is not a telephone number . . . the address of the other party can be regarded as the address of a communication terminal on the LAN **1**." (Col. 9, ll. 45–49.) Because communication server 20 of Iwami determines if the address of the other party is connected either through LAN 1 or public network 3, Iwami teaches the limitation "an IP versus another phone network discriminator."

Patent Owner argues that "Iwami does not describe at least an IP versus another phone network discriminator." (PO App. Br. 18.) In particular, Patent Owner argues that

> Iwami describes how, at step 124, if the address of the other party (*i.e.*, the receiving party) is a telephone number consisting only of a sequence of numeric characters, this means that that the user (*i.e.*, the calling party) has requested a voice

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

> communication with a telephone 2 connected to the external
> public network 3 through [the] communication server 20.

(*Id.*; *see also* PO Reb. Br. 4.)  Accordingly, Patent Owner argues, "[t]he user's input of the numeric characters provides the information utilized by the communication server 20." (*Id.* (emphasis omitted).)  However, the claim language "an IP versus another phone network discriminator" is broad enough to encompass communication server 20 of Iwami, having program 31 which discriminates between a telephone number and an address for a terminal.

Patent Owner also argues "Iwami describes a system that . . . requires the user to discriminate between telephone or Internet lines" and accordingly, "Iwami teaches away from claims 1–12 and 14–22." (PO App. Br. 18.)  However other than providing a conclusory statement that Iwami teaches away from the claimed invention, Patent Owner does not provide any persuasive arguments as to how Iwami criticizes, discredits, or otherwise discourages the claimed "IP versus another phone network discriminator." *See In re Fulton*, 391 F.3d 1195, 1201 (Fed. Cir. 2004).

Accordingly, we sustain the rejection of claims 1–3, 5–10, 12, 14–17, and 19–22 under 35 U.S.C. § 103(a).

Claim 4

The Examiner found that the fax component of Baratz corresponds to the limitation "wherein the originating phone device includes standard fax equipment," as recited in dependent claim 4. (RAN 52 (citing RAN 22).)  Requester agrees and argues that "Baratz discloses that the components shown coupled to system 10 may be implemented on the same host

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

computers or may be distributed throughout the network, indicating that the fax component 24 may be implemented within system 10 as an embodiment of Baratz." (Requester Resp. Br. 14.) We agree with the Examiner's determination.

Baratz "relates to a network based distributed Private Branch Exchange (PBX) system." (Col. 1, ll. 5–6.) Figure 1 illustrates system 10, including telephony servers 44 for managing all system control processes (col. 4, ll. 8–10) and regular telephone sets 42 (col. 5, ll. 18–19). Figure 2 of Baratz illustrates system 10 coupled with automatic message distribution system 30 that delivers fax transmissions through fax component 24. (Col. 8, ll. 6–9.) Baratz explains the following:

> The components/functions shown coupled to system **10** may be implemented on the same or different host computers. They do not necessarily have to be integral with the telephony server module but may be distributed throughout the network.

(Col. 7, ll. 6–10.) Because Baratz explains that fax component 24 can be distributed throughout the network, which includes coupling with regular telephone sets 42, Baratz teaches the limitation "wherein the originating phone device includes standard fax equipment."

Patent Owner argues that "fax 24 and the automatic message distribution 30 are **not a part** of the system 10 or the network 37 within the system 10." (PO App. Br. 19.) However, as discussed previously, Baratz explains that fax component 24 can be distributed throughout the network. (*See* col. 7, ll. 6–10.) Furthermore, Patent Owner's arguments are not commensurate in scope with claim 11, because the claim does not expressly recite a location for the standard fax equipment.

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

Accordingly, we sustain the rejection of claim 4 under 35 U.S.C.
§ 103(a).

Claim 11

The Examiner found that the telephony server of Baratz, which is
connected to Internet services, corresponds to the limitation "wherein the
Internet phone server includes the destination number determination
mechanism." (RAN 55 (citing RAN 25).) Requester agrees and argues
"Baratz says that a database in telephony server 44 is used 'to support
internal *and external* call capability' . . . and that 'network addresses (i.e.
physical extensions) for both parties are retrieved from telephony server 44'
for both internal and external calls." (Requester Reb. Br. 14.) We agree
with the Examiner's determination.

As discussed previously, Figure 1 of Baratz illustrates system 10,
including telephony servers 44 for managing all system control processes.
(Col. 4, ll. 8–10.) Baratz explains that "[t]o support internal and external
call capability, telephony server **44** maintains a database of user records," for
example, an extension number. (Col. 6, ll. 16–19.) Because telephony
server 44 includes a database of user records for making calls, Baratz
teaches the limitation "wherein the Internet phone server includes the
destination number determination mechanism."

Patent Owner argues that "the Examiner incorrectly equated the
database used to locate the computers 40 and the telephone sets 42 **on the
network 37** with the destination number determining mechanism that
operates." (PO App. Br. 19.) However, Patent Owner's arguments are not

9

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

commensurate in scope with claim 11, because the claim does not exclude the claimed destination number determination mechanism from being stored on a network.

Accordingly, we sustain the rejection of claim 11 under 35 U.S.C. § 103(a).

Claim 18

The Examiner found that the voice communication server program on the communication server of Iwami corresponds to the limitation "wherein the Internet phone server comprises both a call receipt portion and a call delivery portion, and wherein the call delivery portion includes the discriminator." (RAN 56–57.) Requester agrees and argues "[t]he communication server program clearly performs the functions of call receipt, for example accepting call requests from both telephones and communications terminals, and call delivery, for example transmitting voice packets to communication terminals and transmitting voice information to telephones." (Requester Reb. Br. 14–15.) We agree with the Examiner's determination.

Iwami explains that communication server 20 stores a voice communication server program 22 for voice communication control processing. (Col. 10, l. 66 to col. 11, l. 1.) Iwami further explains that:

> The voice communication server program **22** is a program for accepting a call setting request from a telephone received from the public network communication controller **21** or a voice communication request from a communication terminal through the LAN communication controller **14** connected to the internal bus **19**, editing voice packets

10

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

> transmitted from the telephone into voice packets, transmitting
> the voice packets to the communication terminal, converting
> voice packets received from the communication terminal to
> voice information, and transmitting the voice information to the
> telephone, thus providing voice communication functions
> between the communication terminal connected to the LAN **1**
> and the telephone connected to the public network **3**, similar to
> the conventional functions between telephones.

(Col. 11, ll. 4–17.)  Because voice communication server program 22 of Iwami is stored on communication server 20 and provides voice communication functions between telephone 2 (connected to public network 3) and communication terminals 10-1, 10-2 (connected to LAN 1), Iwami teaches the limitation "wherein the Internet phone server comprises both a call receipt portion and a call delivery portion, and wherein the call delivery portion includes the discriminator."

Patent Owner argues that "Iwami does not provide any discussion of the elements recited by claim 18." (PO App. Br. 20.)  However, other than making a conclusory statement, Patent Owner has not provided a sufficient explanation as to why dependent claim 18 is patentable over the combination of Iwami and Baratz.

Accordingly, we sustain the rejection of claim 18 under 35 U.S.C. § 103(a).

### *§ 103 Rejection— Iwami, Baratz, and Lindgren*

Although Patent Owner nominally argues the rejection of dependent claim 13 separately (PO App. Br. 20), the arguments presented do not point out with particularity or explain why the limitations of this dependent claim is separately patentable.  Instead, Patent Owner summarily alleges that

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

"there is nothing in Lindgren that may be said to describe or suggest, among other things, an apparatus including an apparatus including IP versus another phone network discriminator" and "[g]iven that Lindgren does not cure the deficiencies noted with respect to Iwami and Baratz, the combination of Lindgren with Iwami and Baratz cannot be said to render obvious claim 13." (*Id.*) We are not persuaded by these arguments for the reasons discussed with respect to claim 1, from which claim 13 depends. Accordingly, we sustain this rejection.

### Other § 103 Rejections

We do not reach the additional cumulative rejections of claims 1–22 under 35 U.S.C. § 103(a) as obvious over various combinations of Baratz, Turock, White, Jonas, Kubler, Pepe, Iwami, Schindler, and Merritt. Affirmance of the obviousness based rejections discussed previously renders it unnecessary to reach the remaining obviousness rejections, as all of pending claims have been addressed and found unpatentable.

### DECISION

The Examiner's decision to reject claims 1–22 under U.S.C. § 103(a) is affirmed.

Requests for extensions of time in this *inter partes* reexamination proceeding are governed by 37 C.F.R. § 1.956. *See* 37 C.F.R. § 41.79.

### AFFIRMED

mls

12

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2


PATENT OWNER:

JOSEPH B. THOMPSON
25910 Canal Road
Box 0-136
Orange Beach, AL  36561

THIRD PARTY REQUESTER:

HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue, Suite 700
Dallas, TX  75219

Form 5

FORM 5.  Petition for Review or Notice of Appeal of an Order or Decision of an AGENCY, BOARD, COMMISSION, OFFICE OR BUREAU.

## United States Court of Appeals for Federal Circuit

Bear Creek Technologies, Inc.
_____,

Petitioner or Appellant,

v.          **PETITION FOR REVIEW**

Cisco Systems, Inc.
_____,

Respondent or Appellee.

 

Bear Creek Technologies, Inc.   (name all parties* bringing the petition or appeal) hereby petition/appeal the court for review of the  Decision on Appeal (No. 2015-6387)  (describe the order or decision and include decision number) of the  Patent Trial and Appeal Board (name the agency, board, office or bureau) entered on  December 29     2015   (date). The order or decision was received on  December 29     2015   (date).

(Signature of petitioner, appellant or attorney)

Jeffrey D. Karceski
Attorney for Bear Creek Technologies, Inc.
1717 K. Street, N.W., Suite 900
Washington, DC 20006
(202) 349-9868

(Address and phone number of petitioner, appellant or attorney)

*_See_ Fed. R. App. P. 15 for permissible ways of identifying petitioners.

## UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

**BEAR CREEK TECHNOLOGIES, INC.**
**Owner/Appellant**

**v.**

**CISCO SYSTEMS, INC.**
**Requester/Appellee**

**Re-Exam Control No: 95/002,190**

### NOTICE FORWARDING CERTIFIED LIST

A Notice of Appeal to the United States Court of Appeals for the Federal

Circuit was timely filed on February 26, 2016, in the United States Patent and

Trademark Office in connection with the above identified *inter partes* re-

examination proceeding. Pursuant to 35 U.S.C. § 143, and Fed. Cir. R. 17(b)(1),

a Certified List is this day being forwarded to the Federal Circuit.


Respectfully submitted,


By: *Tawana A. Hawkins*

Tawana A. Hawkins
Paralegal
Mail Stop 8
P.O. Box 1450
Alexandria, VA 22313-1450
571-272-9035


Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office

Date: April 6, 2016

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the

foregoing has been served on Appellant and Appellee this 6th day of April 2016,

as follows:

Patent Owner:

THOMAS, KARCESKI & KARMILOVICH, P.C.
1717 K. Street, N.W.
Suite 900
Washington, D.C.  20006

Third Party Requester:

HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue
Suite 700
Dallas, Texas  75219

By: Tawana A. Hawkins

Tawana A. Hawkins
Paralegal
Mail Stop 8
P.O. Box 1450
Alexandria, VA 22313-1450
571-272-9035

Form PTO 55 (12-80)

# U.S. DEPARTMENT OF COMMERCE
## United States Patent and Trademark Office

April 6, 2016
_____
(Date)

**THIS IS TO CERTIFY** that the attached document is a list of the papers that comprise the record before the Patent Trial and Appeal Board (PTAB) for the *Inter Partes Reexamination* proceeding identified below:

### BEAR CREEK TECHNOLOGIES, INC.
Patent Owner

v.

### CISCO SYSTEMS, INC.
Third Party Requester

Appeal 2015-006387
Reexamination Control No. 95/002,190
Patent 7,889,722

By authority of the

### DIRECTOR OF THE UNITED STATES
### PATENT AND TRADEMARK OFFICE

*Certifying Officer*



**PROSECUTION HISTORY OF BEAR CREEK TECHNOLOGIES, INC. v. CISCO SYSTEMS, INC.**
**REEXAMINATION NO. 95/002,190**

| DATE | DOCUMENT |
|---|---|
| 09/12/2012 | Request for *Inter Partes* Reexamination |
| 09/24/2012 | Patent Assignment Abstract of Title |
| 09/28/2012 | Patent Assignment Abstract of Title and Litigation Search Report |
| 10/01/2012 | Notice of Assignment of *Inter Partes* Reexamination Request and Notice of *Inter Partes* Reexamination Request Filing Date |
| 11/28/2012 | Order Granting Request for *Inter Partes* Reexamination |
| 01/23/2013 | BIB Data Sheet |
| 03/25/2013 | Notice Regarding Change of Power of Attorney and Notice of Acceptance of Power of Attorney |
| 03/26/2013 | Office Action |
| 05/28/2013 | Patent Owner Exhibit 1, Response to Office Action Dated March 26, 2013 |
| 06/26/2013 | Comments by Third Party Requester |
| 07/01/2013 | Information Disclosure Statement (IDS) |
| 03/24/2014 | Action Closing Prosecution |
| 04/21/2014 | Request for two Month Extension of Time |
| 04/24/2014 | Patent Owner Comments After Action Closing Prosecution Dated March 24, 2014 |
| 04/25/2014 | Decision on Petition for Extension of Time |
| 05/22/2014 | Comments By Third Party Requester to ACP |
| 08/15/2014 | Right of Appeal Notice |
| 09/15/2014 | Notice of Appeal |
| 11/14/2014 | Patent Owner Exhibits |
| 12/02/2014 | Errata for Appeal Brief |
| 12/12/2014 | Exhibits |
| 12/23/2014 | Notification re: Brief |
| 12/31/2014 | Third Party Requester's Amended Respondent Brief |
| 02/10/2015 | Pacer Report for Bear Creek Technologies v. Verizon Services Corp. |
| 04/15/2015 | Examiner's Answer |
| 05/15/2015 | Rebuttal Brief |
| 05/27/2015 | Acknowledgement of Patent Owner's Rebuttal Brief |
| 05/29/2015 | Request for Oral Hearing |
| 06/24/2015 | Patent Trial and Appeal Board Docketing Notice |
| 09/25/2015 | Notice of Hearing |
| 10/05/2015 | Acknowledgement of Notice of Hearing |

**PROSECUTION HISTORY OF BEAR CREEK TECHNOLOGIES, INC. v. CISCO SYSTEMS, INC.**
**REEXAMINATION NO. 95/002,190**

| | |
|---|---|
| 10/07/2015 | Acknowledgement of Notice of Hearing |
| 11/17/2015 | Decision Request to Withdraw as Attorney/Agent Record |
| 11/18/2015 | Notice Regarding Change of Power of Attorney |
| 12/21/2015 | Oral Argument Held November 10, 2015 |
| 12/22/2015 | Power of Attorney |
| 12/29/2015 | Decision on Appeal |
| 01/04/2016 | Notice of Acceptance of Power of Attorney |
| 02/26/2016 | Patent Owner's Notice of Appeal |
| 03/04/2016 | Third Party Requester's Notice of Election to Participate in Patent Owner's Appeal |

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

In re PATENT of:

Joseph B. Thompson

Reexamination Serial No.: 95/002,190

Patent No. 7,889,722

Issued: February 15, 2011

Atty. Docket No.: BEAR CREEK 3R

Group Art Unit: 3992

Confirmation No: 4394

Examiner: TIBBITS, Pia Florence

Title: **SYSTEM FOR INTERCONNECTING STANDARD TELEPHONY COMMUNICATIONS EQUIPMENT TO INTERNET PROTOCOL NETWORKS**

February 26, 2016

## PATENT OWNER'S

## NOTICE OF APPEAL TO THE

## UNITED STATES COURT OF APPEALS

## FOR THE FEDERAL CIRCUIT

Mail Stop: *Inter Partes* Reexam
Attn: The Patent Trial and Appeal Board
Commissioner for Patents
United States Patent & Trademark Office
P. O. Box 1450
Alexandria, VA 22313-1450

| Customer No: |
| :---: |
| **31704** |
| **Atty. Dkt. No.:  BEAR CREEK 3R** |

Jeffrey D. Karceski
Registration No. 35,914
Tel. No.: (202) 349-9868

**THOMAS, KARCESKI & KARMILOVICH, P.C.**
1717 K Street, N.W., Suite 900
Washington, D.C. 20006
Tel. No.: (202) 349-9868
Fax No.: (202) 318-8300

### PATENT OWNER'S
### NOTICE OF APPEAL TO THE
### UNITED STATES COURT OF APPEALS
### FOR THE FEDERAL CIRCUIT

Pursuant to 35 U.S.C. §§ 141 and 142, 37 C.F.R. § 1.983, and Federal Circuit Rule 15(a), the Patent Owner, Bear Creek Technologies, Inc. ("Bear Creek") hereby appeals to the United States Court of Appeals for the Federal Circuit from the Decision on Appeal by the Patent Trial and Appeal Board ("PTAB") in the above-captioned *Inter Partes* Reexamination of United States Patent No. 7,889,722, including without limitation the PTAB's Decision on Appeal (Appeal No. 2015-006387), dated December 29, 2015. The issues on appeal include, without limitation, the PTAB's decision to sustain the Examiner's rejection of claims 1-22 of United States Patent No. 7,889,722 under 35 U.S.C. § 103(a), the PTAB's claim construction, the PTAB's obviousness analysis, and any other finding and/or determination decided adversely to the Petitioner relevant to these issues.

This Notice of Appeal is being filed within two (2) months from the date of the PTAB's Decision and, therefore, is being timely filed pursuant to 35 U.S.C. § 142 and 37 C.F.R. § 1.304 (the due date being February 29, 2016).

Separately, in compliance with 37 C.F.R. § 1.983(b) and Federal Circuit Rule 15(a), one (1) copy of this Notice of Appeal and the Docketing Fee of $500.00, as prescribed by Federal Circuit Rule 52(a)(3)(A), are being transmitted to the Clerk for the United States Court of Appeals for the Federal Circuit. Pursuant to discussions with the Clerk's Office for the United States Court of Appeals for the Federal Circuit, the undersigned acknowledges that only one (1) copy of this Notice of Appeal (not three (3) copies, as identified in Federal Circuit Rule 15(a)(1)) is required to be submitted electronically together with the electronic payment of the Docketing Fee via the Case Management/Electronic Case Files system ("CM/ECF").

A courtesy copy of the PTAB's Decision on Appeal accompanies this Notice of Appeal.

In addition, a copy of suggested Form 5, identified in Federal Circuit Rule 15(a)(3), is provided herewith. As noted on Form 5, Bear Creek Technologies, Inc. is the Petitioner/Appellant for purposes of this appeal. Cisco Systems, Inc., who is the Third Party Requester in the *Inter Partes* Reexamination Proceeding, is listed as the Respondent/Appellee for purposes of this appeal.

While no other fee is believed to be due to the United States Patent and Trademark Office, if there are any fees required for this submission that are not otherwise accounted for, please charge Deposit Account No. 50-2127. In addition, please credit any overpayments to the same Deposit Account.

Respectfully submitted,

THOMAS, KARCESKI & KARMILOVICH, P.C.



Date:  February 26, 2016              By: _____
Jeffrey D. Karceski
Registration No.: 35,914
Tel No. 202-349-9868
Fax No. 202-318-8300

THOMAS, KARCESKI & KARMILOVICH, P.C.
1717 K Street, N.W., Suite 900
Washington, D.C. 20006
Customer Number:  **31704**

Page 2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the following documents:

(1) **PATENT OWNER'S NOTICE OF APPEAL TO THE UNITED STATED COURT OF APPEALS FOR THE FEDERAL CIRCUIT,**

(2) **DECISION ON APPEAL, dated December 29, 2015, by the Patent Trial and Appeal Board for Appeal No. 2015-006387 (as an attachment to this Notice of Appeal), and**

(3) **FORM 5, suggested for use by the United States Court of Appeals for the Federal Circuit to designate the parties to this Appeal (as an attachment to this Notice of Appeal)**

were filed with the United States Patent and Trademark Office, via the Electronic Filing System ("EFS"), and filed with the United States Court of Appeals for the Federal Circuit, via the Case Management/Electronic Case Files system ("CM/ECF") on February 26, 2016.

In addition, the undersigned hereby certifies that true and complete copies of the above-listed documents, together with true and complete copies of the following additional documents:

(4) **Electronic Filing Receipt from the United States Patent and Trademark Office, acknowledging receipt of this Notice of Appeal, and**

(5) **Electronic Receipt from the CM/ECF, acknowledging receipt of the Docketing Fee for the United States Court of Appeals for the Federal Circuit**

were sent by first class mail on February 26, 2016 (in accordance with M.P.E.P. §2666.06) to the address provided below:

David L. McCombs
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219

Respectfully submitted,

THOMAS, KARCESKI & KARMILOVICH, P.C.

Date:  February 26, 2016                    By: _____
                                                Jeffrey D. Karceski
                                                Registration No.: 35,914
                                                Tel No. 202-349-9868
                                                Fax No. 202-318-8300

THOMAS, KARCESKI & KARMILOVICH, P.C.
1717 K Street, N.W., Suite 900
Washington, D.C. 20006



## UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/002,190 | 09/12/2012 | 7889722 | BCT-P001USC3-R3 | 4394 |

7590          12/29/2015

Joseph B. Thompson
25910 Canal Road
Box 0-136
Orange Beach, AL 36561

| EXAMINER |
|---|
| LEE, CHRISTOPHER E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/29/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

---

BEFORE THE PATENT TRIAL AND APPEAL BOARD

---

CISCO SYSTEMS, INC.
Requester and Respondent

v.

BEAR CREEK TECHNOLOGIES, INC.
Patent Owner and Appellant

---

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2
Technology Center 3900

---

Before MARC S. HOFF, DAVID M. KOHUT, and ERIC B. CHEN,
*Administrative Patent Judges.*

CHEN, *Administrative Patent Judge.*

DECISION ON APPEAL

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

Patent Owner Bear Creek Technologies, Inc. appeals under 35 U.S.C.
§ 134(b) and 35 U.S.C. § 315(a) (pre-AIA) the Examiner's final decision to
reject claims 1–22.

An oral hearing was held on November 10, 2015, with both parties in
attendance. The record includes a written transcript of the oral hearing.

Third-Party Requester Cisco Systems, Inc. urges that the Examiner's
decision be affirmed.

We affirm.

## STATEMENT OF THE CASE

U.S. Patent No. 7,889,722 B2 ("'722 patent"), entitled "System for
Interconnecting Standard Telephony Communications Equipment to Internet
Protocol Networks," issued February 15, 2011 to Joseph B. Thompson,
based on Application No. 11/253,129, filed October 18, 2005, which is said
to be a continuation of Application No. 10/770,808, filed February 3, 2004,
now U.S. Patent No. 6,985,494 B2, issued January 10, 2006, which is said to
be a continuation of Application No. 10/279,645, filed October 24, 2002,
now abandoned, which is said to be a continuation of Application No.
08/812,745, filed March 6, 1997, now abandoned.

The '722 patent is also said to claim priority to provisional
Application No. 60/012,896, filed on March 6, 1996 and provisional
Application No. 60/013,240, filed on March 11, 1996.

The '722 patent is assigned to Bear Creek Technologies, Inc., the real
party in interest.

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

## Related Litigation

The '722 patent is or has been involved in numerous litigations, as summarized in Patent Owner's Appeal Brief. (PO App. Br. 1–2.)

## The Claims

Independent claim 1 is exemplary, with disputed limitations in italics:

1.     Apparatus comprising:

an Internet phone server capable of being in communication with an originating phone device, the originating phone device being capable of both dialing a given destination number of a given destination device and thereby initiating a given call between the originating phone device and the given destination device, an auditory dial tone being caused at the originating phone device when the originating phone device is in an off-hook state and operatively connected to the Internet phone server, the given call including transmission of transmitted media between the originating phone device and the given destination device;

a first media converter configured to convert the transmitted media for the given call received from the originating phone device, to transmitted IP addressed media;

a destination number determination mechanism configured to determine a given destination number of the given call placed by the originating phone device;

*an IP versus another phone network discriminator* configured to determine, after the transmitted media is converted by the first media converter to the transmitted IP addressed media, whether a given destination phone device addressed by the given destination number resides on an IP addressed network, for which the transmitted IP addressed media is converted by the first media converter, or resides on another phone network;

a second media converter configured to convert the transmitted IP addressed media of the given call to another network signal suitable for another phone network when the discriminator determines

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

that the given destination number resides on the other phone network; and

a communication mechanism configured to connect the given call over an Internet connection without converting the transmitted IP addressed media of the given call to the other network signal, when the discriminator determines that the given destination device addressed by the given destination number resides on the IP addressed network.

*The Rejections*

Patent Owner appeals the Examiner's decision to reject all the pending claims, as follows:

1.  Claims 1–8 and 10–22 stand rejected under 35 U.S.C. §.103(a) as obvious over Baratz (US 5,742,596; Apr. 21, 1998) and Turock (US 6,243,373 B1; June 5, 2001).

2.  Claim 9 stands rejected under 35 U.S.C. § 103(a) as obvious over Baratz and Turock, as evidenced by White (US 6,711,241 B1; Mar. 23, 2004).

3.  Claims 1–12 and 14–22 stand rejected under 35 U.S.C. § 103(a) as obvious over Iwami (US 5,604,737; Feb. 18, 1997) and Baratz.

4.  Claim 13 stands rejected under 35 U.S.C. § 103(a) as obvious over Iwami and Baratz, as evidenced by Lindgren (B. LINDGREN & LEIF JONSSON, ILLUSTRATED ISDN 1-6 to -9 (1991)).

5.  Claims 1–3, 5, 6, 8–14, and 16–22 stand rejected under 35 U.S.C. § 103(a) as obvious over Jonas (US 2001/0040885 A1; Nov. 15, 2001) and Kubler (US 5,726,984; Mar. 10, 1998).

6.  Claims 4 and 15 stand rejected under 35 U.S.C. § 103(a) as obvious over Jonas, Kubler, and Pepe (US 5,742,905; Apr. 21, 1998).

4

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

7.    Claim 7 stands rejected under 35 U.S.C. § 103(a) as obvious over Jonas, Kubler, and Iwami.

8.    Claims 1–3, 5–14, and 16–22 stand rejected under 35 U.S.C. § 103(a) as obvious over Schindler (US 6,954,453 B1; Oct. 11, 2005), Merritt (Ian H. Merritt, *Providing Telephone Line Access to a Packet Voice Network*, Report No. ISI/RR-83-107, Information Sciences Institute, University of Southern California (1983)), and Kubler.

9.    Claims 4 and 15 stand rejected under 35 U.S.C. § 103(a) as obvious over Schindler, Merritt, Kubler, and Pepe.

*§ 103 Rejection—Iwami and Baratz*

<u>Claims 1–3, 5–10, 12, 14–17, and 19–22</u>

The Examiner found that the communication server of Iwami, which determines whether the address input by a user is directed towards a communication terminal address or a telephone number, corresponds to the limitation "an IP versus another phone network discriminator." (RAN 47–48, 102–103.) Requester agrees and argues that "Iwami discloses generally that a communication server 20 acts as a discriminator" and "determines whether an address of a called party is a communication terminal 10 on a LAN 1 or a telephone 2 on a public network 3." (Requester Resp. Br. 11.) We agree with the Examiner's determination.

Iwami relates to a voice communication system, in particular, "communication terminals connected through a communication network." (Col. 1, ll. 6–8.) Figure 1 of Iwami illustrates a voice communication system, including communication terminals 10-1, 10-2 connected to Local

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

Area Network (LAN) 1 and telephone 2 connected to public network 3, such
that LAN 1 and public network 3 are connected simultaneously to
communication server 20. (Col. 7, ll. 1–8.) Iwami explains that "[t]he
communication server [20] determines whether an address of the other party
inputted by a user is a communication terminal address or a telephone
number." (Abstract.) Figure 5 of Iwami illustrates voice communication
control processing performed by voice communication program 31 (col. 9,
ll. 12–14) including "Step 124" in which "program 31 determines . . .
whether or not the address of the other party with whom the user desires to
speak is a telephone number consisting only of a sequence of numeric
characters" (col. 9, ll. 29–33) such that "the user has requested a voice
communication with a telephone 2 connected to the external public
network 3" (col. 9, ll. 36–38). Otherwise, Iwami explains that "if the
address of the other party inputted by the user is not a telephone number . . .
the address of the other party can be regarded as the address of a
communication terminal on the LAN 1." (Col. 9, ll. 45–49.) Because
communication server 20 of Iwami determines if the address of the other
party is connected either through LAN 1 or public network 3, Iwami teaches
the limitation "an IP versus another phone network discriminator."

Patent Owner argues that "Iwami does not describe at least an IP
versus another phone network discriminator." (PO App. Br. 18.) In
particular, Patent Owner argues that

> Iwami describes how, at step 124, if the address of the other
> party (*i.e.*, the receiving party) is a telephone number consisting
> only of a sequence of numeric characters, this means that that
> the user (*i.e.*, the calling party) has requested a voice

6

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

communication with a telephone 2 connected to the external
public network 3 through [the] communication server 20.

(*Id.*; *see also* PO Reb. Br. 4.) Accordingly, Patent Owner argues, "[t]he
user's input of the numeric characters provides the information utilized by
the communication server 20." (*Id.* (emphasis omitted).) However, the
claim language "an IP versus another phone network discriminator" is broad
enough to encompass communication server 20 of Iwami, having
program 31 which discriminates between a telephone number and an address
for a terminal.

Patent Owner also argues "Iwami describes a system that . . . requires
the user to discriminate between telephone or Internet lines" and
accordingly, "Iwami teaches away from claims 1–12 and 14–22." (PO App.
Br. 18.) However other than providing a conclusory statement that Iwami
teaches away from the claimed invention, Patent Owner does not provide
any persuasive arguments as to how Iwami criticizes, discredits, or
otherwise discourages the claimed "IP versus another phone network
discriminator." *See In re Fulton*, 391 F.3d 1195, 1201 (Fed. Cir. 2004).

Accordingly, we sustain the rejection of claims 1–3, 5–10, 12, 14–17,
and 19–22 under 35 U.S.C. § 103(a).

Claim 4

The Examiner found that the fax component of Baratz corresponds to
the limitation "wherein the originating phone device includes standard fax
equipment," as recited in dependent claim 4. (RAN 52 (citing RAN 22).)
Requester agrees and argues that "Baratz discloses that the components
shown coupled to system 10 may be implemented on the same host

7

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

computers or may be distributed throughout the network, indicating that the
fax component 24 may be implemented within system 10 as an embodiment
of Baratz." (Requester Resp. Br. 14.) We agree with the Examiner's
determination.

Baratz "relates to a network based distributed Private Branch
Exchange (PBX) system." (Col. 1, ll. 5–6.) Figure 1 illustrates system 10,
including telephony servers 44 for managing all system control processes
(col. 4, ll. 8–10) and regular telephone sets 42 (col. 5, ll. 18–19). Figure 2 of
Baratz illustrates system 10 coupled with automatic message distribution
system 30 that delivers fax transmissions through fax component 24.
(Col. 8, ll. 6–9.) Baratz explains the following:

> The components/functions shown coupled to system 10 may be
> implemented on the same or different host computers. They do
> not necessarily have to be integral with the telephony server
> module but may be distributed throughout the network.

(Col. 7, ll. 6–10.) Because Baratz explains that fax component 24 can be
distributed throughout the network, which includes coupling with regular
telephone sets 42, Baratz teaches the limitation "wherein the originating
phone device includes standard fax equipment."

Patent Owner argues that "fax 24 and the automatic message
distribution 30 are **not a part** of the system 10 or the network 37 within the
system 10." (PO App. Br. 19.) However, as discussed previously, Baratz
explains that fax component 24 can be distributed throughout the network.
(*See* col. 7, ll. 6–10.) Furthermore, Patent Owner's arguments are not
commensurate in scope with claim 11, because the claim does not expressly
recite a location for the standard fax equipment.

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

Accordingly, we sustain the rejection of claim 4 under 35 U.S.C.
§ 103(a).

Claim 11

The Examiner found that the telephony server of Baratz, which is
connected to Internet services, corresponds to the limitation "wherein the
Internet phone server includes the destination number determination
mechanism." (RAN 55 (citing RAN 25).) Requester agrees and argues
"Baratz says that a database in telephony server 44 is used 'to support
internal *and external* call capability' . . . and that 'network addresses (i.e.
physical extensions) for both parties are retrieved from telephony server 44'
for both internal and external calls." (Requester Reb. Br. 14.) We agree
with the Examiner's determination.

As discussed previously, Figure 1 of Baratz illustrates system 10,
including telephony servers 44 for managing all system control processes.
(Col. 4, ll. 8–10.) Baratz explains that "[t]o support internal and external
call capability, telephony server 44 maintains a database of user records," for
example, an extension number. (Col. 6, ll. 16–19.) Because telephony
server 44 includes a database of user records for making calls, Baratz
teaches the limitation "wherein the Internet phone server includes the
destination number determination mechanism."

Patent Owner argues that "the Examiner incorrectly equated the
database used to locate the computers 40 and the telephone sets 42 **on the
network 37** with the destination number determining mechanism that
operates." (PO App. Br. 19.) However, Patent Owner's arguments are not

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

commensurate in scope with claim 11, because the claim does not exclude the claimed destination number determination mechanism from being stored on a network.

Accordingly, we sustain the rejection of claim 11 under 35 U.S.C. § 103(a).

Claim 18

The Examiner found that the voice communication server program on the communication server of Iwami corresponds to the limitation "wherein the Internet phone server comprises both a call receipt portion and a call delivery portion, and wherein the call delivery portion includes the discriminator." (RAN 56–57.) Requester agrees and argues "[t]he communication server program clearly performs the functions of call receipt, for example accepting call requests from both telephones and communications terminals, and call delivery, for example transmitting voice packets to communication terminals and transmitting voice information to telephones." (Requester Reb. Br. 14–15.) We agree with the Examiner's determination.

Iwami explains that communication server 20 stores a voice communication server program 22 for voice communication control processing. (Col. 10, l. 66 to col. 11, l. 1.) Iwami further explains that:

> The voice communication server program **22** is a program for accepting a call setting request from a telephone received from the public network communication controller **21** or a voice communication request from a communication terminal through the LAN communication controller **14** connected to the internal bus **19**, editing voice packets

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

> transmitted from the telephone into voice packets, transmitting
> the voice packets to the communication terminal, converting
> voice packets received from the communication terminal to
> voice information, and transmitting the voice information to the
> telephone, thus providing voice communication functions
> between the communication terminal connected to the LAN 1
> and the telephone connected to the public network 3, similar to
> the conventional functions between telephones.

(Col. 11, ll. 4–17.) Because voice communication server program 22 of
Iwami is stored on communication server 20 and provides voice
communication functions between telephone 2 (connected to public
network 3) and communication terminals 10-1, 10-2 (connected to LAN 1),
Iwami teaches the limitation "wherein the Internet phone server comprises
both a call receipt portion and a call delivery portion, and wherein the call
delivery portion includes the discriminator."

Patent Owner argues that "Iwami does not provide any discussion of
the elements recited by claim 18." (PO App. Br. 20.) However, other than
making a conclusory statement, Patent Owner has not provided a sufficient
explanation as to why dependent claim 18 is patentable over the combination
of Iwami and Baratz.

Accordingly, we sustain the rejection of claim 18 under 35 U.S.C.
§ 103(a).

### § 103 Rejection—Iwami, Baratz, and Lindgren

Although Patent Owner nominally argues the rejection of dependent
claim 13 separately (PO App. Br. 20), the arguments presented do not point
out with particularity or explain why the limitations of this dependent claim
is separately patentable. Instead, Patent Owner summarily alleges that

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

"there is nothing in Lindgren that may be said to describe or suggest, among other things, an apparatus including an apparatus including IP versus another phone network discriminator" and "[g]iven that Lindgren does not cure the deficiencies noted with respect to Iwami and Baratz, the combination of Lindgren with Iwami and Baratz cannot be said to render obvious claim 13." (*Id.*) We are not persuaded by these arguments for the reasons discussed with respect to claim 1, from which claim 13 depends. Accordingly, we sustain this rejection.

### *Other § 103 Rejections*

We do not reach the additional cumulative rejections of claims 1–22 under 35 U.S.C. § 103(a) as obvious over various combinations of Baratz, Turock, White, Jonas, Kubler, Pepe, Iwami, Schindler, and Merritt. Affirmance of the obviousness based rejections discussed previously renders it unnecessary to reach the remaining obviousness rejections, as all of pending claims have been addressed and found unpatentable.

### DECISION

The Examiner's decision to reject claims 1–22 under U.S.C. § 103(a) is affirmed.

Requests for extensions of time in this *inter partes* reexamination proceeding are governed by 37 C.F.R. § 1.956. *See* 37 C.F.R. § 41.79.

### AFFIRMED

mls

12

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2


PATENT OWNER:

JOSEPH B. THOMPSON
25910 Canal Road
Box 0-136
Orange Beach, AL  36561

THIRD PARTY REQUESTER:

HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue, Suite 700
Dallas, TX  75219

13

Form 5

FORM 5. Petition for Review or Notice of Appeal of an Order or Decision of an AGENCY, BOARD, COMMISSION, OFFICE OR BUREAU.

## United States Court of Appeals for Federal Circuit

Bear Creek Technologies, Inc.                    Petitioner or Appellant,

                                        v.                    **PETITION FOR REVIEW**

Cisco Systems, Inc.                              Respondent or Appellee.

        Bear Creek Technologies, Inc.        (name all parties* bringing the petition or appeal)
hereby petition/appeal the court for review of the   Decision on Appeal (No. 2015-6987)  (describe
the order or decision and include decision number) of the  Patent Trial and Appeal Board
(name the agency, board, office or bureau) entered on   December 29        2015   (date).
The order or decision was received on   December 29            2015   (date).

                                        (Signature of petitioner, appellant
                                        or attorney)

                                        Jeffrey D. Karceski
                                        Attorney for Bear Creek Technologies, Inc.
                                        1717 K. Street, N.W., Suite 900
                                        Washington, DC 20006
                                        (202) 349-9868
                                        (Address and phone number of
                                        petitioner, appellant or attorney)

*See Fed. R. App. P. 15 for permissible ways of identifying petitioners.



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 95/002,190 | 09/12/2012 | 7889722 | BCT-P001USC3-R3 | 4394 |

7590    12/29/2015
Joseph B. Thompson
25910 Canal Road
Box 0-136
Orange Beach, AL 36561

| EXAMINER |
|---|
| LEE, CHRISTOPHER E |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3992 | |

| MAIL DATE | DELIVERY MODE |
|---|---|
| 12/29/2015 | PAPER |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

UNITED STATES PATENT AND TRADEMARK OFFICE

————————

BEFORE THE PATENT TRIAL AND APPEAL BOARD

————————

CISCO SYSTEMS, INC.
Requester and Respondent

v.

BEAR CREEK TECHNOLOGIES, INC.
Patent Owner and Appellant

————————

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2
Technology Center 3900

————————

Before MARC S. HOFF, DAVID M. KOHUT, and ERIC B. CHEN,
*Administrative Patent Judges.*

CHEN, *Administrative Patent Judge.*

DECISION ON APPEAL

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

Patent Owner Bear Creek Technologies, Inc. appeals under 35 U.S.C. § 134(b) and 35 U.S.C. § 315(a) (pre-AIA) the Examiner's final decision to reject claims 1–22.

An oral hearing was held on November 10, 2015, with both parties in attendance. The record includes a written transcript of the oral hearing.

Third-Party Requester Cisco Systems, Inc. urges that the Examiner's decision be affirmed.

We affirm.

## STATEMENT OF THE CASE

U.S. Patent No. 7,889,722 B2 ("'722 patent"), entitled "System for Interconnecting Standard Telephony Communications Equipment to Internet Protocol Networks," issued February 15, 2011 to Joseph B. Thompson, based on Application No. 11/253,129, filed October 18, 2005, which is said to be a continuation of Application No. 10/770,808, filed February 3, 2004, now U.S. Patent No. 6,985,494 B2, issued January 10, 2006, which is said to be a continuation of Application No. 10/279,645, filed October 24, 2002, now abandoned, which is said to be a continuation of Application No. 08/812,745, filed March 6, 1997, now abandoned.

The '722 patent is also said to claim priority to provisional Application No. 60/012,896, filed on March 6, 1996 and provisional Application No. 60/013,240, filed on March 11, 1996.

The '722 patent is assigned to Bear Creek Technologies, Inc., the real party in interest.

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

*Related Litigation*

The '722 patent is or has been involved in numerous litigations, as summarized in Patent Owner's Appeal Brief. (PO App. Br. 1–2.)

*The Claims*

Independent claim 1 is exemplary, with disputed limitations in italics:

1.    Apparatus comprising:

an Internet phone server capable of being in communication with an originating phone device, the originating phone device being capable of both dialing a given destination number of a given destination device and thereby initiating a given call between the originating phone device and the given destination device, an auditory dial tone being caused at the originating phone device when the originating phone device is in an off-hook state and operatively connected to the Internet phone server, the given call including transmission of transmitted media between the originating phone device and the given destination device;

a first media converter configured to convert the transmitted media for the given call received from the originating phone device, to transmitted IP addressed media;

a destination number determination mechanism configured to determine a given destination number of the given call placed by the originating phone device;

*an IP versus another phone network discriminator* configured to determine, after the transmitted media is converted by the first media converter to the transmitted IP addressed media, whether a given destination phone device addressed by the given destination number resides on an IP addressed network, for which the transmitted IP addressed media is converted by the first media converter, or resides on another phone network;

a second media converter configured to convert the transmitted IP addressed media of the given call to another network signal suitable for another phone network when the discriminator determines

3

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

that the given destination number resides on the other phone network; and

a communication mechanism configured to connect the given call over an Internet connection without converting the transmitted IP addressed media of the given call to the other network signal, when the discriminator determines that the given destination device addressed by the given destination number resides on the IP addressed network.

## The Rejections

Patent Owner appeals the Examiner's decision to reject all the pending claims, as follows:

1.     Claims 1–8 and 10–22 stand rejected under 35 U.S.C. § 103(a) as obvious over Baratz (US 5,742,596; Apr. 21, 1998) and Turock (US 6,243,373 B1; June 5, 2001).

2.     Claim 9 stands rejected under 35 U.S.C. § 103(a) as obvious over Baratz and Turock, as evidenced by White (US 6,711,241 B1; Mar. 23, 2004).

3.     Claims 1–12 and 14–22 stand rejected under 35 U.S.C. § 103(a) as obvious over Iwami (US 5,604,737; Feb. 18, 1997) and Baratz.

4.     Claim 13 stands rejected under 35 U.S.C. § 103(a) as obvious over Iwami and Baratz, as evidenced by Lindgren (B. LINDGREN & LEIF JONSSON, ILLUSTRATED ISDN 1-6 to -9 (1991)).

5.     Claims 1–3, 5, 6, 8–14, and 16–22 stand rejected under 35 U.S.C. § 103(a) as obvious over Jonas (US 2001/0040885 A1; Nov. 15, 2001) and Kubler (US 5,726,984; Mar. 10, 1998).

6.     Claims 4 and 15 stand rejected under 35 U.S.C. § 103(a) as obvious over Jonas, Kubler, and Pepe (US 5,742,905; Apr. 21, 1998).

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

7.    Claim 7 stands rejected under 35 U.S.C. § 103(a) as obvious over Jonas, Kubler, and Iwami.

8.    Claims 1–3, 5–14, and 16–22 stand rejected under 35 U.S.C. § 103(a) as obvious over Schindler (US 6,954,453 B1; Oct. 11, 2005), Merritt (Ian H. Merritt, *Providing Telephone Line Access to a Packet Voice Network*, Report No. ISI/RR-83-107, Information Sciences Institute, University of Southern California (1983)), and Kubler.

9.    Claims 4 and 15 stand rejected under 35 U.S.C. § 103(a) as obvious over Schindler, Merritt, Kubler, and Pepe.

*§ 103 Rejection—Iwami and Baratz*

Claims 1–3, 5–10, 12, 14–17, and 19–22

The Examiner found that the communication server of Iwami, which determines whether the address input by a user is directed towards a communication terminal address or a telephone number, corresponds to the limitation "an IP versus another phone network discriminator." (RAN 47–48, 102–103.)  Requester agrees and argues that "Iwami discloses generally that a communication server 20 acts as a discriminator" and "determines whether an address of a called party is a communication terminal 10 on a LAN 1 or a telephone 2 on a public network 3." (Requester Resp. Br. 11.) We agree with the Examiner's determination.

Iwami relates to a voice communication system, in particular, "communication terminals connected through a communication network." (Col. 1, ll. 6–8.)  Figure 1 of Iwami illustrates a voice communication system, including communication terminals 10-1, 10-2 connected to Local

5

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

Area Network (LAN) 1 and telephone 2 connected to public network 3, such
that LAN 1 and public network 3 are connected simultaneously to
communication server 20. (Col. 7, ll. 1–8.) Iwami explains that "[t]he
communication server [20] determines whether an address of the other party
inputted by a user is a communication terminal address or a telephone
number." (Abstract.) Figure 5 of Iwami illustrates voice communication
control processing performed by voice communication program 31 (col. 9,
ll. 12–14) including "Step 124" in which "program **31** determines . . .
whether or not the address of the other party with whom the user desires to
speak is a telephone number consisting only of a sequence of numeric
characters" (col. 9, ll. 29–33) such that "the user has requested a voice
communication with a telephone **2** connected to the external public
network **3**" (col. 9, ll. 36–38). Otherwise, Iwami explains that "if the
address of the other party inputted by the user is not a telephone number . . .
the address of the other party can be regarded as the address of a
communication terminal on the LAN **1**." (Col. 9, ll. 45–49.) Because
communication server 20 of Iwami determines if the address of the other
party is connected either through LAN 1 or public network 3, Iwami teaches
the limitation "an IP versus another phone network discriminator."

Patent Owner argues that "Iwami does not describe at least an IP
versus another phone network discriminator." (PO App. Br. 18.) In
particular, Patent Owner argues that

> Iwami describes how, at step 124, if the address of the other
> party (*i.e.*, the receiving party) is a telephone number consisting
> only of a sequence of numeric characters, this means that that
> the user (*i.e.*, the calling party) has requested a voice

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

> communication with a telephone 2 connected to the external
> public network 3 through [the] communication server 20.

(*Id.*; *see also* PO Reb. Br. 4.) Accordingly, Patent Owner argues, "[t]he

user's input of the numeric characters provides the information utilized by

the communication server 20." (*Id.* (emphasis omitted).) However, the

claim language "an IP versus another phone network discriminator" is broad

enough to encompass communication server 20 of Iwami, having

program 31 which discriminates between a telephone number and an address

for a terminal.

   Patent Owner also argues "Iwami describes a system that . . . requires

the user to discriminate between telephone or Internet lines" and

accordingly, "Iwami teaches away from claims 1–12 and 14–22." (PO App.

Br. 18.) However other than providing a conclusory statement that Iwami

teaches away from the claimed invention, Patent Owner does not provide

any persuasive arguments as to how Iwami criticizes, discredits, or

otherwise discourages the claimed "IP versus another phone network

discriminator." *See In re Fulton*, 391 F.3d 1195, 1201 (Fed. Cir. 2004).

   Accordingly, we sustain the rejection of claims 1–3, 5–10, 12, 14–17,

and 19–22 under 35 U.S.C. § 103(a).


Claim 4

   The Examiner found that the fax component of Baratz corresponds to

the limitation "wherein the originating phone device includes standard fax

equipment," as recited in dependent claim 4. (RAN 52 (citing RAN 22).)

Requester agrees and argues that "Baratz discloses that the components

shown coupled to system 10 may be implemented on the same host

7

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

computers or may be distributed throughout the network, indicating that the fax component 24 may be implemented within system 10 as an embodiment of Baratz." (Requester Resp. Br. 14.) We agree with the Examiner's determination.

Baratz "relates to a network based distributed Private Branch Exchange (PBX) system." (Col. 1, ll. 5–6.) Figure 1 illustrates system 10, including telephony servers 44 for managing all system control processes (col. 4, ll. 8–10) and regular telephone sets 42 (col. 5, ll. 18–19). Figure 2 of Baratz illustrates system 10 coupled with automatic message distribution system 30 that delivers fax transmissions through fax component 24. (Col. 8, ll. 6–9.) Baratz explains the following:

> The components/functions shown coupled to system **10** may be implemented on the same or different host computers. They do not necessarily have to be integral with the telephony server module but may be distributed throughout the network.

(Col. 7, ll. 6–10.) Because Baratz explains that fax component 24 can be distributed throughout the network, which includes coupling with regular telephone sets 42, Baratz teaches the limitation "wherein the originating phone device includes standard fax equipment."

Patent Owner argues that "fax 24 and the automatic message distribution 30 are **not a part** of the system 10 or the network 37 within the system 10." (PO App. Br. 19.) However, as discussed previously, Baratz explains that fax component 24 can be distributed throughout the network. (*See* col. 7, ll. 6–10.) Furthermore, Patent Owner's arguments are not commensurate in scope with claim 11, because the claim does not expressly recite a location for the standard fax equipment.

8

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

Accordingly, we sustain the rejection of claim 4 under 35 U.S.C.
§ 103(a).

Claim 11

The Examiner found that the telephony server of Baratz, which is
connected to Internet services, corresponds to the limitation "wherein the
Internet phone server includes the destination number determination
mechanism." (RAN 55 (citing RAN 25).) Requester agrees and argues
"Baratz says that a database in telephony server 44 is used 'to support
internal *and external* call capability' . . . and that 'network addresses (i.e.
physical extensions) for both parties are retrieved from telephony server 44'
for both internal and external calls." (Requester Reb. Br. 14.) We agree
with the Examiner's determination.

As discussed previously, Figure 1 of Baratz illustrates system 10,
including telephony servers 44 for managing all system control processes.
(Col. 4, ll. 8–10.) Baratz explains that "[t]o support internal and external
call capability, telephony server **44** maintains a database of user records," for
example, an extension number. (Col. 6, ll. 16–19.) Because telephony
server 44 includes a database of user records for making calls, Baratz
teaches the limitation "wherein the Internet phone server includes the
destination number determination mechanism."

Patent Owner argues that "the Examiner incorrectly equated the
database used to locate the computers 40 and the telephone sets 42 **on the
network 37** with the destination number determining mechanism that
operates." (PO App. Br. 19.) However, Patent Owner's arguments are not

9

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

commensurate in scope with claim 11, because the claim does not exclude
the claimed destination number determination mechanism from being stored
on a network.

Accordingly, we sustain the rejection of claim 11 under 35 U.S.C.
§ 103(a).

Claim 18

The Examiner found that the voice communication server program on
the communication server of Iwami corresponds to the limitation "wherein
the Internet phone server comprises both a call receipt portion and a call
delivery portion, and wherein the call delivery portion includes the
discriminator." (RAN 56–57.) Requester agrees and argues "[t]he
communication server program clearly performs the functions of call receipt,
for example accepting call requests from both telephones and
communications terminals, and call delivery, for example transmitting voice
packets to communication terminals and transmitting voice information to
telephones." (Requester Reb. Br. 14–15.) We agree with the Examiner's
determination.

Iwami explains that communication server 20 stores a voice
communication server program 22 for voice communication control
processing. (Col. 10, l. 66 to col. 11, l. 1.) Iwami further explains that:

> The voice communication server program 22 is a
> program for accepting a call setting request from a telephone
> received from the public network communication controller 21
> or a voice communication request from a communication
> terminal through the LAN communication controller 14
> connected to the internal bus 19, editing voice packets

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

> transmitted from the telephone into voice packets, transmitting
> the voice packets to the communication terminal, converting
> voice packets received from the communication terminal to
> voice information, and transmitting the voice information to the
> telephone, thus providing voice communication functions
> between the communication terminal connected to the LAN **1**
> and the telephone connected to the public network **3**, similar to
> the conventional functions between telephones.

(Col. 11, ll. 4–17.) Because voice communication server program 22 of

Iwami is stored on communication server 20 and provides voice

communication functions between telephone 2 (connected to public

network 3) and communication terminals 10-1, 10-2 (connected to LAN 1),

Iwami teaches the limitation "wherein the Internet phone server comprises

both a call receipt portion and a call delivery portion, and wherein the call

delivery portion includes the discriminator."

Patent Owner argues that "Iwami does not provide any discussion of

the elements recited by claim 18." (PO App. Br. 20.) However, other than

making a conclusory statement, Patent Owner has not provided a sufficient

explanation as to why dependent claim 18 is patentable over the combination

of Iwami and Baratz.

Accordingly, we sustain the rejection of claim 18 under 35 U.S.C.

§ 103(a).

### § 103 Rejection—Iwami, Baratz, and Lindgren

Although Patent Owner nominally argues the rejection of dependent

claim 13 separately (PO App. Br. 20), the arguments presented do not point

out with particularity or explain why the limitations of this dependent claim

is separately patentable. Instead, Patent Owner summarily alleges that

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2

"there is nothing in Lindgren that may be said to describe or suggest, among other things, an apparatus including an apparatus including IP versus another phone network discriminator" and "[g]iven that Lindgren does not cure the deficiencies noted with respect to Iwami and Baratz, the combination of Lindgren with Iwami and Baratz cannot be said to render obvious claim 13." (*Id.*) We are not persuaded by these arguments for the reasons discussed with respect to claim 1, from which claim 13 depends. Accordingly, we sustain this rejection.

### *Other § 103 Rejections*

We do not reach the additional cumulative rejections of claims 1–22 under 35 U.S.C. § 103(a) as obvious over various combinations of Baratz, Turock, White, Jonas, Kubler, Pepe, Iwami, Schindler, and Merritt. Affirmance of the obviousness based rejections discussed previously renders it unnecessary to reach the remaining obviousness rejections, as all of pending claims have been addressed and found unpatentable.

### DECISION

The Examiner's decision to reject claims 1–22 under U.S.C. § 103(a) is affirmed.

Requests for extensions of time in this *inter partes* reexamination proceeding are governed by 37 C.F.R. § 1.956. *See* 37 C.F.R. § 41.79.

### AFFIRMED

mls

12

Appeal 2015-006387
Reexamination Control 95/002,190
Patent 7,889,722 B2


PATENT OWNER:

JOSEPH B. THOMPSON
25910 Canal Road
Box 0-136
Orange Beach, AL  36561

THIRD PARTY REQUESTER:

HAYNES AND BOONE, LLP
IP Section
2323 Victory Avenue, Suite 700
Dallas, TX  75219